Bethel, Judge.
This appeal arises out of a breach of contract claim brought by Group Resources, Inc.
*142 against the City of Waycross and Raphel Maddox[1] (collectively "City Defendants"). Group Resources and the City Defendants filed cross-motions for summary judgment on the issue of whether the fraudulent misrepresentation claims asserted against Group Resources in a separate lawsuit relieved the City Defendants of their obligation to indemnify Group Resources under an Administrative Services Agreement ("Agreement"). We answer in the affirmative and find that the trial court was authorized to grant summary judgment in favor of the City Defendants.
"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the non-movant." BBL-McCarthy, LLC v. Baldwin Paving Co. , 285 Ga. App. 494, 494-95, 646 S.E.2d 682 (2007) (citations omitted).
The facts of this case are undisputed. In 2012, Group Resources contracted with the City Defendants to act as the third-party administrator for the City of Waycross's employee health benefit plan (the "Plan"). Per the terms of the Agreement, Group Resources acted as the Plan's administrative services agent and was responsible for verifying eligibility, authorizing coverage, handling claims, and processing payments for the City of Waycross's employees and their eligible dependents under the plan.
The indemnification provision of the Agreement pertinent to the issues on appeal reads:
The Plan Administrator and the [City Defendants] agree to indemnify and hold harmless [Group Resources] from and against any claim, action, cause of action, loss (including the loss of a PPO discount due to the Plan Administrator's failure to timely fund benefit payments), liability, cost, expense, fee, damage, tax, or penalty (including reasonable attorney and accountant fees) which may be made or imposed by any employee or dependant or any other person or persons (including any governmental authority or service provider to the Plan) resulting from, or in connection with, the operation of the Plan (whether before, during, or following the term of this Agreement) or any action or inaction by [Group Resources], unless such claim, action, cause of action, liability, loss, cost, expense, fee, damage, tax or penalty results from [Group Resources's] willful misconduct or fraud...
In June 2013, a hospital sued Group Resources in a Florida federal court, claiming that Group Resources underpaid charges owed to the hospital for services rendered to a patient covered by the Plan. The hospital alleged, inter alia , that Group Resources fraudulently misrepresented the amount the hospital would be reimbursed for a patient who was covered by the Plan and had received treatment at the hospital.
During the pendency of that suit, Group Resources sent two letters to the City Defendants demanding indemnification from any losses incurred as a result of the pending litigation. Group Resources also filed a motion to add the City Defendants to the lawsuit, which was denied. After a year and a half of litigation in Florida, Group Resources negotiated a settlement with the hospital prior to the start of trial.
Group Resources filed the action giving rise to this appeal against the City Defendants alleging, inter alia , breach of contract for its failure to indemnify it in the Florida lawsuit, and seeking reimbursement for litigation costs and settlement. After a hearing on cross-motions for summary judgment, the trial court issued an order summarily granting the City Defendants' motion and denying Group Resources's motion, meaning that the City Defendants did not have to indemnify Group Resources for its costs and expenses incurred in the Florida lawsuit. This appeal followed.
1. Group Resources argues that the trial court misinterpreted the terms of the indemnity provision in the Agreement. Specifically, in order to trigger the exclusionary clause of the indemnity provision, Group Resources *143 contends that it must have actually acted with willful misconduct or fraudulently, and that a mere allegation of such conduct is insufficient. We disagree because the term "claim," as it appears in the Agreement, does not require an adjudication on the merits of a willful misconduct or fraud claim in order to trigger the exclusionary clause.
Because the indemnity clause is a contractual provision, its interpretation is a question of law, and we therefore review the trial court's ruling on this issue de novo. Firmani v. Dar-Court Builders, LLC , 339 Ga. App. 413, 425 (4), 793 S.E.2d 596 (2016). "The cardinal rule of construction is to ascertain the intention of the parties. The language which the parties have used will be looked to for the purpose of finding that intention, which once ascertained will prevail over all other considerations, in determining the nature of the agreement." Serv. Merch. Co. v. Hunter Fan Co. , 274 Ga. App. 290, 292 (1), 617 S.E.2d 235 (2005) (footnotes and punctuation omitted). "No construction is required or even permitted when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation." Freund v. Warren , 320 Ga. App. 765, 768-69 (1), 740 S.E.2d 727 (2013) (citation omitted). Moreover, "the words of a contract of indemnification must be construed strictly against the indemnitee." Svc. Merch. Co. , 274 Ga. App. at 292 (1), 617 S.E.2d 235 (footnotes omitted).
With these principles in mind, we are unpersuaded by Group Resources's contention that the indemnification provision of the Agreement is ambiguous or that it did not intend for the term "claim" to include allegations of fraud but rather required proof of fraud before the City Defendants could avoid its obligation to indemnify. The indemnification provision expressly releases the City Defendants from any obligation to indemnify Group Resources for any "claim, action, cause of action, [or] liability" resulting from Group Resources's willful misconduct or fraud. Notably, the indemnification provision is bereft of any definition for the term "claim" that requires an adjudication, judgment, or showing of proof on a claim for fraud.
Thus, construing the term according to its plain meaning, "claim" is commonly understood as "[a] statement that something yet to be proved is true." Black's Law Dictionary (10th ed. 2014). It is clear from the plain language of the indemnification provision that allegations such as those in the Florida lawsuit fall into this definition of a claim and that the exclusionary language applies. Therefore, the trial court was authorized to grant the City Defendants' motion for summary judgment.
2. In light of our holding in Division 1 that the City Defendants did not breach their duty to indemnify Group Resources under the terms of the Agreement, we do not need to address the merits of Group Resources's remaining enumerations, as they are now moot.
Judgment affirmed.
* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a)
McFadden, P. J., dissents. Branch, J., concurs.*

Raphel Maddox was sued in his capacity as the City of Waycross's human resources director.